FILED
2020 Nov-05  AM 10:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MORTON GOLDFARB | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| WHOLE FOODS MARKET GROUP, INC., | ) | |
| | ) | |
|     Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, Defendant Whole Foods Market Group, Inc., ("Defendant"), which is the only named defendant in the above-captioned civil action (other than certain fictitiously named parties, whose citizenship is to be disregarded for purposes of removal under 28 U.S.C §1441(b)(1)), hereby removes this action from the Circuit Court of Jefferson County, Alabama, where it is now pending as Case Number CV-2020-903385, to the United States District Court for the Northern District of Alabama, Southern Division.  In support of this Notice of Removal, Defendant asserts and avers as follows:

## FACTUAL ALLEGATIONS SUPPORTING REMOVAL

1.     The Plaintiff, Dr. Morton Goldfarb ("Dr. Goldfarb" or "Plaintiff"), commenced this action against Defendant and certain fictitious parties on September 30, 2020, by electronically filing a Civil Cover Sheet, Complaint, Interrogatories and

Requests for Production, 30(b)(6) Video Deposition Notice, and Summonses in the Circuit Court of Jefferson County, Alabama, true and correct copies of which are collectively attached to this Notice of Removal as part of **Exhibit A.**

2.    True and correct copies of electronic state court records regarding service of process are collectively attached hereto as **Exhibit B.**  These records include a service return for Defendant, reflecting certified mail service of an original Summons and copy of the Complaint on October 5, 2020.

3.    As alleged in the Complaint, Dr. Goldfarb is a resident citizen of Jefferson County, Alabama. *See* Ex. A. Compl. at ¶ 1.  Thus, for diversity purposes, Plaintiff is a citizen of Alabama.

4.    As to Defendant, Plaintiff alleges the company "is a foreign corporation," that is (A) "organized under the laws of Texas" and (B) "domiciled in both Texas and Alabama."  *Id*. at ¶ 2.  While Plaintiff correctly alleges Defendant "is a foreign corporation," his related citizenship allegations are incorrect. Defendant was incorporated under the laws of Delaware, not Texas, and is thus considered a Delaware citizen under 28 U.S.C. § 1332(c)(1).  Notwithstanding the mistaken allegation as to Defendant's state of incorporation, Defendant is nevertheless considered a Texas citizen under § 1332(c)(1) because Austin, Texas, as the location of its corporate headquarters, is the company's principal place of business under the applicable "nerve center test."  *See Hertz Corp. v. Friend*, 559

U.S. 77, 80–81 (2010) (adopting the "nerve center test" wherein "'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities, . . . typically . . . a corporation's headquarters"). For removal and diversity jurisdiction purposes, Defendant is a citizen of both Delaware and Texas.[1]

5.     The Complaint relates to a February 2, 2020, incident in which Plaintiff was struck by a motor vehicle while a pedestrian in the parking lot of Defendant's store located at 3100 Cahaba Village Plaza, Birmingham, AL, 35243, within the geographic limits of Jefferson County, Alabama (the "Incident"). *See* Ex. A., Compl. at ¶¶ 6-7, 10.

6.     Plaintiff alleges he was a business invitee and was struck by a customer of Defendant while he was on Defendant's premises. *Id.* at ¶ 16. Plaintiff contends that Defendant "negligently, willfully and/or wantonly failed to identify and correct the insufficient signage, lack of safety alerts, lack reflectors, lack of speed bumps, poor traffic routing, poor layout of parking lot, lack of safe access to the crosswalk from the handicapped parking space, poor layout of handicap parking spaces, unsafe crosswalk area, and poor maintenance conditions of the crosswalk and parking lot,"

---

[1] It is unclear what Plaintiff meant in alleging Defendant "is domiciled in . . . Alabama." *See, e.g.*, *Baker Pile Driving & Site Work, LLC v. Ragnar Benson Constr., LLC*, 2018 WL 1403908 (W.D. La. 2018) (allegation that defendant "is 'domiciled' in Connecticut," which "perhaps implies that Connecticut is the state where it is incorporated," lacked the required specificity to establish citizenship). Whatever the intended meaning, Defendant categorically is not an Alabama citizen because Alabama is neither its state of incorporation nor location of its principal place of business.

"negligently, willfully and/or wantonly failed . . . to warn the Plaintiff of the condition of the crosswalk and parking lot," and "negligently, willfully and/or wantonly failed to properly maintain the crosswalk and parking lot on its premises in Birmingham, Alabama." *Id.* at ¶ 18 & Count 1. "As a proximate result of the Defendant's negligence, willfulness, and/or wantonness Plaintiff was struck by a vehicle resulting in great bodily injury." *Id.* at ¶ 19 & Count 1.

7.      Plaintiff alleges that he was caused to suffer the following injuries and damages as a direct and proximate result of the Incident:

- "the collision resulted in severe injuries to Plaintiffs body including, but not limited to, an open bimalleolar fracture of the ankle which required immediate emergency surgery that same day he was taken to the emergency room",

- "Plaintiff has and continues to endure immense pain and suffering, incurred life-changing injuries impacting his mobility, and has suffered significant lost wages because he was unable to return to work for an extensive period of time",

- "Plaintiff continues to undergo weekly medical treatments to repair the wounds caused by Defendant."

*Id.* at ¶¶ 12-14, 20.

8.    Based upon Defendant's alleged tortious conduct, Plaintiff demands an award of unspecified compensatory damages against the Defendant.  *See id.* at *ad damnum* clause to Count 1.  Plaintiff further seeks an award of unspecified punitive damages from Defendant as punishment for its alleged tortious conduct. *See id.* at *ad damnum* clause to Count 1.

9.    Plaintiff neither specifies an amount of damages being sought in his Complaint nor limits his claimed damages to an amount below the minimum jurisdiction amount in controversy.  *See generally id.*  The Complaint only specifies the extent of one of Plaintiff's alleged injuries.  It does not specify the extent of any another alleged injuries Plaintiff may have or the medical treatment he received, nor does it provide the amount of incurred medical expenses.

## FEDERAL SUBJECT MATTER JURISDICTION EXISTS

10.   Pursuant to 28 U.S.C. § 1332, federal subject matter jurisdiction exists because all parties properly joined are completely diverse from every named Plaintiff, and the amount in controversy, exclusive of interest and costs, is greater than $75,000.  28 U.S.C. § 1332(a)(1); *see also Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998).  "[T]he party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 752 (11th Cir. 2010) (quoting *Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1164 (11th Cir. 2006)).

11.    As demonstrated above, for diversity purposes, Plaintiff is a citizen of Alabama, where he maintains his permanent residence.

12.    Defendant, as detailed above, is considered a citizen of both Delaware, its state of incorporation and Texas, the location of its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

13.    Thus, complete diversity exists between Plaintiff, a citizen of Alabama, and Defendant, a citizen of both Delaware and Texas.[2]

14.    Because this action is being removing within thirty days of Defendant being served on October 5, 2020, Defendant's Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

15.    "'Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.'" *Pretka,* 608 F.3d at 752 (quoting *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001)).

16.    In certain circumstances, removal of a complaint that "does not claim a specific amount of damages . . . is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.'" *Pretka,* 608

---

[2] Although the Complaint pleads claims against fictitious parties, those entities are disregarded for purposes of determining removal jurisdiction.  *See* 28 U.S.C. § 1441(a).

F.3d at 754 (quoting *Williams*, 269 F.3d at 1319).  The Eleventh Circuit notably "permits district courts," engaging in this jurisdiction analysis, "to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable. . . . Put simply, a district court need not 'suspend reality or shelve common sense in determining whether the fact of a complaint . . . establishes the jurisdiction amount.'" *Bush v. Winn Dixie*, 132 F. Supp. 3d 1317, 1319 (N.D. Ala. 2015) (quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010)).  "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* (quoting *Roe*, 613 F.3d at 1062).

17.    Where instead "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* (quoting *Williams,* 269 F.3d at 1319); *see also McCollough Enters.,* No. 09-0573-WS-B, 2009 WL 3615044, at *3 (S.D. Ala. Oct. 29, 2009) ("'A removing defendant can discharge this burden by presenting sufficient evidence that a verdict rendered in favor of the plaintiff would exceed $75,000.'") (quoting *Holman v. Montage Group,* 79 F. Supp. 2d 1328, 1330 (S.D. Ala. 1999)).

18.    Where a complaint is removed under 28 U.S.C. § 1446(b) within thirty days of initial service (as opposed to an "other paper" removal), *Pretka* holds that there is "no[] limit [on] the types of evidence that may be used to satisfy the preponderance of the evidence standard." *Pretka,* 608 F.3d at 755, 768.  A removing defendant may include "factual allegations establishing jurisdiction" in the notice of removal if it "can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations."  *Pretka,* 608 F.3d at 754.  Further, in determining the amount in controversy, each category of damages claimed in a complaint, including "punitive damages[,] must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co., v. Credit Alliance Corp.,* 821 F.2d 1531, 1535 (11th Cir. 1987) (citations omitted).

19.    Although Plaintiff seeks to recover a laundry list of compensatory damage categories, including *e.g.,* severe bodily injuries, immense pain and suffering, life-changing injuries, significant lost wages, weekly medical treatments, and further seek to recover punitive damages, Ex. A. Compl. at ¶¶ 12-14, 20, *ad damnum* clauses to Count 1, he do so in reliance on broad and generalized factual allegations.  As a result, the Complaint standing alone arguably lacks sufficient factual detail from which to facially deduce it is more likely than not the jurisdictional amount in controversy exceeds $75,000.  S*ee generally id.*

20.     Nevertheless, judicial experience and common sense dictate to a reasonable certainty that the amount in controversy exceeds $75,000.  Not only has Plaintiff alleged severe bodily injuries, immense pain and suffering, life-changing injuries, significant lost wages, weekly medical treatments, but further specifies that he had open bimalleolar fracture of the ankle which required immediate emergency surgery.  Beyond this, Plaintiffs seek punitive damages.

21.     Regarding compensatory damages, Plaintiff alleges he suffered significant lost wages because he was unable to return for work for an extensive period of time.  Ex. A. Compl. at ¶ 13.  Based on investigation, Plaintiff is a physician specializing in ENT-Otolaryngology who has held an Alabama medical license since 1966.[3]     Dr. Goldfarb's professional online biography, available at https://entalabama.com/team_member/dr-morton-goldfarb/, indicates he is the founding member of ENT Associates of Alabama, P.C., the state's largest Otolaryngology group.  Dr. Goldfarb has "[e]xtensive postgraduate training in facial plastic and reconstructive surgery" and as a practicing physician, his "interests include all aspects of otolaryngology head and neck surgery and facial plastic and reconstructive surgery," with a "[s]pecial interest" in "facial plastic and

---

[3] The above information was obtained on the Alabama Board of Medical Examiners' website, https://www.albme.org/.

reconstructive surgery, surgery for sleep apnea and sinus surgery."[4]

22.    Plaintiff seeks punitive damages against Whole Foods based upon allegations of wantonness.  Ex. A. Compl. Count 1.  Because the purpose of punitive damages is to punish, punitive damages by their very nature are intended to be large. Personal injury plaintiffs often request punitive damages in terms of multiples of underlying compensatory damages.  If the Plaintiff was to seek punitive damages in the very conservative ratio of 2:1, it would only require Plaintiff's compensatory damages to exceed $25,000 for Plaintiff's combined compensatory and punitive damages claim to exceed $75,000.   Compensatory damages of $25,000 are undoubtedly met considering both Plaintiff's allegation of severe bodily injuries, ankle surgery, immense pain and suffering, life-changing injuries, significant lost wages, and weekly medical treatments.  As to lost wages alone, Dr. Goldfarb is likely seeking well in excess of $25,000 based on the fact the median annual salary for Birmingham otolaryngologists exceeds $350,000, with physicians having Dr. Goldfarb's experience likely earning more than $400,000.

23.    Here, Plaintiff claims damages for medical treatment and expenses, life-changing injuries, seek compensatory and punitive damages, and their claims are made against a large corporate company.  However, Plaintiff conveniently omits

---

[4] The online biography further indicates Dr. Goldfarb is a Fellow of (i) the American Academy of Facial Plastic Surgery, (ii) the American Academy of Otolaryngology and Head and Neck Surgery, and (iii) American College of Surgeons.

an *ad damnum* clause from his Complaint.  Judicial experience and common sense both lead to the conclusion that the amount in controversy exceeds $75,000.  In *Bush*, *supra.,* Judge Acker wrote:

> [The Eleventh Circuit], which binds this court and every other Alabama federal court, has finally acknowledged the self-evident, namely, that a plaintiff . . . who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000. . . . This new opening of the federal courts of Alabama to non-resident defendants has taken away the artificial and unfair obstacle to removal erected by Alabama plaintiffs, namely, the expedient of leaving out an *ad damnum clause.*

*Bush,* 132 F. Supp. 3d at 1318-19.

24.    Here, common sense and experience demonstrate that the amount in controversy exceeds $75,000.  Plaintiff should not be allowed to defeat the amount in controversy requirement of federal jurisdiction simply because he tactically omitted describing all of his injuries with particularity and making a monetary demand in the Complaint.

25.    Defendant notes that while additional evidence showing the full extent of Plaintiff's damage claim would be helpful, no such additional evidence is not necessary for the Court to determine the amount in controversy is satisfied.  In this regard, based on its reading of the *Bush* decision, Defendant believes it is required

to make a good-faith removal effort under § 1446(b)(1) at this juncture of the proceeding, or risk a future remand based on waiver. *See Bush*, 132 F. Supp. 3d 1317.

26.     In *Bush,* the defendant did not remove a personal injury action within thirty days of being served, apparently because the plaintiff's complaint contained no *ad damnum* clause setting forth the plaintiff's claim for monetary damages. During discovery in state court, the plaintiff failed to respond to request for admission propounded by the defendant that the plaintiff sought damages in excess of $75,000. Construing this as evidence of the amount in controversy, the defendant removed the action within the one-year period allowed by § 1446(c), but the court held the defendant's removal came too late. In remanding, Judge Acker explained:

> [I]t is impossible for this court to believe that in today's world…a sophisticated business entity [defendant] believed that the amount being sought by [the plaintiff] was less than $75,000 or was so speculative that clarification was needed. Most Alabama defendants and federal judges, including this one, are not guessing or speculating when they recognize the obvious from the complaint itself, based on their experience, intelligence, and common sense. *Id.* at 1318.

Thus, to Judge Acker, "The complaint itself is the wake-up call. The defendant cannot snooze through it." *Id.*

27.     Arguably the Defendant could forego removal, proceed in state court and wait for the opportunity to remove the action under § 1446(b)(3) upon receipt

12

of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  However, should Defendant wait for indisputable and definitive proof from Plaintiff as to the amount in controversy, *Bush* suggests it could be found guilty of "snoozing" on its rights.  Defendant reads *Bush* to mandate removal now, even though the full extent of the amount in controversy is unclear, because the existence of jurisdiction appears "obvious" when considered in light of their experience, intelligence, and common sense.

28.    As further support for current removability, Judge Acker previously denied a motion to remand in a case, despite a magistrate having recommended the remand motion be granted.  *See Green v. Wal-Mart Stores, East, L.P.,* No. 2:14-CV-01684-WMA, 2014 WL 6792043 at * 1 (N.D. Ala. Dec. 2, 2014).  The complaint in that slip-and-fall case, sought compensatory damages (including mental anguish) and punitive damages based on claims of negligence and wantonness, also "conspicuously" lacked any disclaimer of damages beyond $74,999.  *Id.*  Judge Acker thus found it "apparent that the amount in controversy in this case exceeds the sum of $75,000." *Id.*

29.    Accordingly, this case is removable pursuant to 28 U.S.C. § 1332 based on diversity of citizenship and the amount in controversy, and pursuant to 28 U.S.C. § 1441(b)(2)(A).

## **ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED**

30.     In accordance with 28 U.S.C. § 1446(a), Defendant has attached as part of **Exhibit A** and **Exhibit B** true and correct copies of all process, orders, and other papers served on Defendant as of the date of this removal.

31.     Attached hereto as **Exhibit C** is a copy of the Notice of Filing this Notice of Removal that is being filed with the clerk of the Circuit Court of Jefferson County, Alabama in accordance with 28 U.S.C. § 1446(a).

Dated:  November 4, 2020.

/s/  Nathan B. Hall
NATHAN B. Hall (asb-2976-x15g)
DAVID B. HALL (asb-2500-a60d)

**OF COUNSEL:**
WILSON ELSER MOSKOWITZ
 EDELMAN & DICKER, LLP
1500 Urban Center Drive Suite 450
Vestavia Hills, AL 35242
(205)709-8990 Main
(205)709-8979 Facsimile
david.hall@wilsonelser.com
Nathan.hall@wilsonelser.com

14

## **CERTIFICATE OF SERVICE**

I certify that on this the 4th day of November, 2020, the foregoing has been electronically filed utilizing the Court's CM/ECF system, which will send electronic notification to the following counsel of record:

Jon C. Goldfarb
Patrick Pantazis
Wiggins Childs Pantazis Fisher & Goldfarb, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
(205) 314-0500
jcg@wigginschilds.com
ppantazis@wigginschilds.com

/s/  Nathan B. Hall
OF COUNSEL