FILED
2020 Nov-05  AM 10:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
9/30/2020 11:28 AM
01-CV-2020-903385.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01<br><br>Date of Filing:<br>09/30/2020 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

**MORTON GOLDFARB v. WHOLE FOODS MARKET GROUP, INC.**

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES  ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

GOL015

9/30/2020 11:28:07 AM
Date

/s/ JON C GOLDFARB
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  ☐ YES  ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**  ☐ YES  ☑ NO

ELECTRONICALLY FILED
9/30/2020 11:28 AM
01-CV-2020-903385.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE IN THE CIRCUIT COURT
## OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| MORTON GOLDFARB, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION NO.: |
| V. | ) | |
| | ) | |
| WHOLE FOODS MARKET GROUP, INC. | ) | JURY DEMAND |
| AND FICTITIOUS PARTY DEFENDANTS | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff and states claims against the Defendant as follows:

### PARTIES, JURISDICTION AND VENUE

1.  Plaintiff, Dr. Morton Goldfarb, is an adult resident of Jefferson County, Alabama.

2.  Whole Foods Market Group, Inc., ("Whole Foods") is a foreign corporation organized under the laws of Texas and qualified to do business in Alabama. Whole Foods regularly engages in business activities and avails itself to the State of Alabama. Whole Foods is domiciled in both Texas and Alabama.

3.  Fictitious defendants A through Z, whether singular or plural, whose identities are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper parties defendants are not known at this time, will have their true name(s) substituted by amendment when ascertained.

4.  Jurisdiction is proper under AL Code § 12-11-30(1) (2019). Venue is proper pursuant to AL Code § 6-3-2(a)(3) and AL Code § 6-3-7(a)(1) (2019).

### FACTS

5.  Whole Foods Market is the world's largest natural foods grocery chain, and it has been

1

owned by Amazon since June 2017.

6.      On February 2, 2020, Plaintiff parked in a handicap spot in Whole Foods' parking lot and was directed into traffic due to Whole Foods' poor parking lot design located at 3100 Cahaba Village Plaza Birmingham, AL 35243.

7.      Plaintiff did not have adequate safe access to Whole Foods' crosswalk due to Whole Foods' parking lot design.

8.      The above-described crosswalk and parking lot was owned and maintained by Whole Foods for the use and benefit of its customers.

9.      All signage, traffic routing, handicap parking, and layout for the parking lot and crosswalk were controlled and maintained by Whole Foods insufficiently.

10.     While walking towards the Whole Foods building in the parking lot, Plaintiff was struck and run over by a car driven by a Whole Foods customer.

11.     As a result of the collision caused by the Defendant's lack of signage, no alerts, no reflectors, no speed bumps, poor traffic routing, poor layout of parking lot, poor layout of handicap spaces and unsafe crosswalk area, Plaintiff was hit and run over by a car and rushed to the emergency room at the St. Vincent's Hospital.

12.     The collision resulted in severe injuries to Plaintiffs body including, but not limited to, an open bimalleolar fracture of the ankle which required immediate emergency surgery that same day he was taken to the emergency room.

13.     As a result of the collision caused by the Defendant's conduct, Plaintiff has and continues to endure immense pain and suffering, incurred life-changing injuries impacting his mobility, and has suffered significant lost wages because he was unable to return to work for an extensive period of time.

14.     As a result of the collision Defendant caused, Plaintiff continues to undergo weekly medical

2

treatments to repair the wounds caused by Defendant.

## COUNT I

### NEGLIGENCE/WILLLFULNESS/WANTONNESS

15.    Plaintiff herein refers to and adopts the factual allegations set forth in paragraphs five (5) through twelve (13) and incorporates them by reference herein.

16.    Plaintiff avers that on February 2, 2020 while a business invitee, he entered onto the premises of Whole Foods in Birmingham, Alabama, was struck by a car driven by a Whole Foods customer and was severely injured.

17.    Plaintiff avers that he was struck by the customer due to insufficient signage, no alerts, no reflectors, no speed bumps, poor traffic routing, poor layout of parking lot, lack of safe access to the crosswalk from the handicapped parking space, poor layout of handicap parking spaces, unsafe crosswalk area, and poor maintenance which created dangerous conditions in Whole Foods' crosswalk and parking lot and that Whole Foods and Fictitious defendants A-Z negligently, willfully and/or wantonly allowed said crosswalk and parking lot to be in such condition and without proper safety precautions which created a hazard without warning Plaintiff of the said conditions.

18.    Plaintiff avers that Whole Foods' negligently, willfully and/or wantonly failed to identify and correct the insufficient signage, lack of safety alerts, lack reflectors, lack of speed bumps, poor traffic routing, poor layout of parking lot, lack of safe access to the crosswalk from the handicapped parking space, poor layout of handicap parking spaces, unsafe crosswalk area, and poor maintenance conditions of the crosswalk and parking lot and/or to warn the Plaintiff of the condition of the crosswalk and parking lot and therefore negligently, willfully and/or wantonly failed to properly maintain the crosswalk and parking lot on its premises in Birmingham, Alabama.

3

19.    As a proximate result of the Defendant's negligence, willfulness, and/or wantonness Plaintiff was struck by a vehicle resulting in great bodily injury.

20.    Plaintiff further avers that as a proximate consequence of Defendant's negligence, willfulness and/or wantonness, he was caused to suffer life-changing injuries, which have caused immense pain and suffering and loss wages.

**WHEREFORE ALL PREMISES CONSIDERED,** Plaintiff requests that this Court enter a judgment in an amount determined by a jury for compensatory and applicable punitive damages and any other relief that this Court deems just.

**RESPECTFULLY SUBMITTED,**

 /s/ Jon C. Goldfarb
Jon C. Goldfarb (GOL015)
Patrick L. Pantazis (PAN010)
Attorneys for Plaintiff

**OF COUNSEL:**
**WIGGINS CHILDS PANTAZIS**
**FISHER & GOLDFARB LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
jcg@wigginschilds.com
ppantazis@wigginschilds.com

**JURY DEMAND**

Plaintiff demands trial by struck jury.

**NOTE TO CLERK OF COURT:**
Serve Defendant via certified mail as follows:

Whole Foods Market Group, Inc.
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104

4

ELECTRONICALLY FILED
9/30/2020 11:28 AM
01-CV-2020-903385.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT
## OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| MORTON GOLDFARB, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No.:** |
| | ) |
| WHOLE FOODS MARKET GROUP, INC., | ) |
| AND FICTITOUS PARTY DEFENDANTS | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFF MORTON GOLDFARB'S FIRST INTERROGATORIES TO DEFENDANT**

COMES NOW the Plaintiff pursuant to Alabama Rule of Civil Procedure 33 and hereby propounds to the Defendant, Whole Foods Market Group, Inc., the following Interrogatories to be answered within the time allowed by ARCP 33(a).

(A)     These discovery requests are continuing in character so as to require you to file supplementary answers if you obtain additional or different information before trial.

(B)     If after conducting a reasonable investigation you cannot answer an Interrogatory, you should so state and answer to the extent that you can, stating what information you do have, what information you cannot provide and stating the efforts to locate and obtain the unknown information.

## DEFINITIONS

For the purposes of these Requests for Production of Documents and as used herein, unless otherwise specified, the following words shall have, and be construed with reference to, the following meanings and definitions:

A.     As used herein, the definitions for the term "document" means without limitation,

1

the following items, whether printed, recorded or reproduced by any other mechanical means or process, or written or produced by hand: agreements; contracts; communications; correspondence; letters; telegrams; tape recordings; memoranda; notes; summaries or other recordings of telephone conversations; personal conversations, or meetings; agenda of meetings; notices; records; bids records; personal memoranda; photographs; photographic slides; motion picture films; charts; graphs; diagrams; reports; statement of witnesses; findings of investigations; files; reports of experts' reports of consultants; papers; books; records; summaries; and any and every other writing or other graphic means by which human intelligence is in any way transmitted or reported.

B.      As used herein, the term "oral communications" means any words heard or spoken, and including, without limitation, words spoken at any meeting, discussion, speech or conversation, including any telephone conversation.

C.      As used herein, the term "person" includes natural persons, governments (or agencies thereof), quasi-public entities, corporations, partnerships, ventures, and all other forms of organization, association of business entities.

D.      As used herein, the term, "you" or "your" shall mean any named Defendant, any fictitious Defendant and/or its affiliates, subsidiaries, its present or future officers, directors, agents, employees, and any  other persons acting or purporting to act for or on its or its parents', affiliates' or subsidiaries  behalf.

E.      "Identify" when referring to a natural person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation and address,

title or occupation, and each of the positions held by such persons during the applicable time covered by any answer referring to such person.

F.    "Identify" when referring to a document or writing means to give sufficient characterization of such document or writing so as to have identified it "with reasonable particularity" for purposes of Rules 34 of the Alabama Rules of Civil Procedure.  More particularly, the term "identify" when used with reference to a document includes:

a.    date the document bears, or if none, under the date it was written;

b.    name and address of each person who wrote it or participated in the writing of it;

c.    name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed;

d.    name and address of each person who received a copy of the document;

e.    description of the document, as for instance, a letter or memorandum;

f.    its present location or custodian of each copy, or if unknown, its last known location or custodian;

g.    if any document is no longer in Defendant's possession, or subject to Defendant's control state what disposition was made of it, the reason for such deposition, the identity of the person currently having possession or control and the date that possession or control was relinquished by the Defendant or any one of them.

When used with reference to an oral communication, "identify" includes:

a.    persons participating in such oral communication;

b.    date, manner (e.g., telephone) and place at which persons participated in or heard the oral communication were located;

    c.    a description of the circumstances surrounding the communications, as, for instance, meeting, speech or conversation;

    d.    name of each person who was present, other than the participants;

    e.    substance of the oral communication.

G.    As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof, including relationship to other events.

H.    As used herein, the term "incident" shall mean the facts and circumstances giving rise to the allegations made the basis of this lawsuit.

I.    As used herein, the term "parking lot" shall refer to your Whole Food's store parking area including the handicap parking spaces, the cross walks, the islands, the sidewalks etc. located at 3100 Cahaba Village Plaza Birmingham, AL 35423.

If you contend a protective order is necessary, please send it over immediately to prevent any delay on production.

If you contend that any item is protected by work product or privilege, please produce a privilege log outlining the type of document, the name of any and all individuals or entities that were a recipient, author, or reviewer of said document, and the corresponding date of said document. To the extent possible, please produce documents on disc in searchable .pdf form.

## INTERROGATORIES

1. State the name, address, title, and duties of the person answering these interrogatories and the place where these interrogatories are answered.

2. State the name, address, and job title of each person who was contacted in answering these interrogatories or who provided information relevant to the answering of these

interrogatories and the proper designation of each documents which were searched in answering these interrogatories.

3. Is your name correctly stated in the Complaint on file in this case? If not, state the correct way that your name should be designated as a party defendant in an action of law.

4. State the name of the entity in charge of maintaining and/or performing maintenance or upkeep on the premises where the Plaintiff was struck by a vehicle.  If this is a third-party, please provide contact information for the company, the company's owner's contact information, and project supervisors' contact information.

5. State the name of the entity or person who designed your parking lot and designated where the handicap parking spaces and crosswalks would be located.  If this is a third-party, please provide contact information for the company, the company's owner's contact information, and project supervisors' contact information.

6. State the name, address and phone number of any entity that has received or reviewed your parking lot's crosswalk and/or handicap placement.

7. State the full legal name, address and job title of any employees or agents who have knowledge concerning the allegations of the Plaintiff's complaint.

8. State whether there are any writings including but not limited to letters, notes memorandum, emails, correspondences, incident reports or other forms of record regarding the Plaintiff being struck in your parking lot.  If so, please identify such documents and provide the name, address and telephone number of the person who has the custody of such records.

9. State the name and address of each person known by you to have any knowledge whatsoever of the matters pertinent to the occurrence that made the bases of the Plaintiff's complaint.

10. List each and every defense known to you at this time which you presently intend to assert.  For each such defense, please state with particularity the basis of each defense, any documents or evidence substantiating such defense and the names and addresses of witnesses who have any knowledge pertaining to such defenses.

11. Please list the names and positions of all persons involved in any way whatsoever in the investigation of the occurrence that made the basis of the Plaintiff's Complaint.

12.  State whether, within the past ten (10) years there has been any accident where a person was injured or struck by a vehicle on the premises prior to the incident in this case.  If so, please state the name of the persons involved and the details regarding the incident including, how the injury was alleged to occur, date of occurrence and provide copies of any accompanying incident reports.

13.  State whether, within the past ten (10) years there has been any complaints by any person related to your parking lot, handicap spaces, or crosswalk.   If so, please state the name of the persons involved and the details regarding the complaint including, the nature of the allegations, the date and provide copies of any accompanying complaint records.

14.  Please list the entity and all employees who were responsible for maintaining the crosswalks on the premises on the date of the incident and state the times which they were responsible.

15.  Please list the entity and all employees who were responsible for maintaining the handicap spaces on the premises on the date of the incident and state the times which they were responsible.

16.  Please identify each person who you intend to call as a witness at trial on the merits in this proceeding and describe in general the nature of his or her testimony.

17. State whether, within the past ten (10) years there has been any accident where a person was injured on the premises between the handicap spaces and the front of the building. If so, please state the name of the persons involved and the details regarding the incident including, how the injury was alleged to occur, date of occurrence, and provide copies of any accompanying incident reports.

18. State whether, within the past ten (10) years there has been any accident where a person was injured on the premises. If so, please state the name of the persons involved and the details regarding the incident including, how the injury was alleged to occur, date of occurrence, and provide copies of any accompanying incident reports.

Respectfully submitted,

 /s/ Jon C. Goldfarb
Jon C. Goldfarb
Patrick Pantazis

Counsel for Plaintiff

**<u>OF COUNSEL:</u>**
Wiggins, Childs, Pantazis, Fisher,
& Goldfarb, LLC.
301 19th Street North
Birmingham, AL 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**PLEASE SERVE WITH THE COMPLAINT**

ELECTRONICALLY FILED
9/30/2020 11:28 AM
01-CV-2020-903385.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

**IN THE CIRCUIT COURT**
**OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| **MORTON GOLDFARB,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Case No.:** |
| | ) |
| **WHOLE FOODS MARKET GROUP, INC.,** | ) |
| **AND FICTITOUS PARTY DEFENDANTS** | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFF MORTON GOLDFARB'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT

COMES NOW the Plaintiff pursuant to Alabama Rule of Civil Procedure 34 and hereby requests the Defendant Whole Foods Market Group, Inc., to produce the following documents or things within the time allowed by ARCP 34 (b)(1)(B).

(A)     These discovery requests are continuing in character so as to require you to file supplementary answers if you obtain additional or different information before trial.

(B)     If after conducting a reasonable investigation you cannot answer an Interrogatory, you should so state and answer to the extent that you can, stating what information you do have, what information you cannot provide and stating the efforts to locate and obtain the unknown information.

### DEFINITIONS

For the purposes of these Requests for Production of Documents and as used herein, unless otherwise specified, the following words shall have, and be construed with reference to, the following meanings and definitions:

1

A.      As used herein, the definitions for the term "document" means without limitation, the following items, whether printed, recorded or reproduced by any other mechanical means or process, or written or produced by hand: agreements; contracts; communications; correspondence; letters; telegrams; tape recordings; memoranda; notes; summaries or other recordings of telephone conversations; personal conversations, or meetings; agenda of meetings; notices; records; bids records; personal memoranda; photographs; photographic slides; motion picture films; charts; graphs; diagrams; reports; statement of witnesses; findings of investigations; files; reports of experts' reports of consultants; papers; books; records; summaries; and any and every other writing or other graphic means by which human intelligence is in any way transmitted or reported.

B.      As used herein, the term "oral communications" means any words heard or spoken, and including, without limitation, words spoken at any meeting, discussion, speech or conversation, including any telephone conversation.

C.      As used herein, the term "person" includes natural persons, governments (or agencies thereof), quasi-public entities, corporations, partnerships, ventures, and all other forms of organization, association of business entities.

D.      As used herein, the term, "you" or "your" shall mean any named Defendant, any fictitious Defendant and/or its affiliates, subsidiaries, its present or future officers, directors, agents, employees, and any  other persons acting or purporting to act for or on its or its parents', affiliates' or subsidiaries  behalf.

E.      "Identify" when referring to a natural person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her

2

full name, present or last known address, present or last known business affiliation and address,

title or occupation, and each of the positions held by such persons during the applicable time

covered by any answer referring to such person.

F.      "Identify" when referring to a document or writing means to give sufficient

characterization of such document or writing so as to have identified it "with reasonable

particularity" for purposes of Rules 34 of the Alabama Rules of Civil Procedure.  More

particularly, the term "identify" when used with reference to a document includes:

a.      date the document bears, or if none, under the date it was written;

b.      name and address of each person who wrote it or participated in the

writing of it;

c.      name and address of each person to whom it was addressed and each

person to whom a copy was identified as being directed;

d.      name and address of each person who received a copy of the document;

e.      description of the document, as for instance, a letter or memorandum;

f.      its present location or custodian of each copy, or if unknown, its last

known location or custodian;

g.      if any document is no longer in Defendant's possession, or subject to

Defendant's control state what disposition was made of it, the reason for such deposition, the

identity of the person currently having possession or control and the date that possession or

control was relinquished by the Defendant or any one of them.

When used with reference to an oral communication, "identify" includes:

a.      persons participating in such oral communication;

b.      date, manner (e.g., telephone) and place at which persons participated in

3

or heard the oral communication were located;

       c.     a description of the circumstances surrounding the communications, as, for instance, meeting, speech or conversation;

       d.     name of each person who was present, other than the participants;

       e.     substance of the oral communication.

G.     As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof, including relationship to other events.

H.     As used herein, the term "incident" shall mean the facts and circumstances giving rise to the allegations made the basis of this lawsuit.

I.     As used herein, the term "parking lot" shall refer to your Whole Food's store parking area including the handicap parking spaces, the cross walks, the islands, the sidewalks etc. located at 3100 Cahaba Village Plaza Birmingham, AL 35423.

If you contend a protective order is necessary, please send it over immediately to prevent any delay on production.

If you contend that any item is protected by work product or privilege, please produce a privilege log outlining the type of document, the name of any and all individuals or entities that were a recipient, author, or reviewer of said document, and the corresponding date of said document.

To the extent possible, please produce documents on disc in searchable .pdf form.

## **REQUEST FOR PRODUCTION**

1. Produce all documents referring to any and all incidents/accidents/injuries at your Whole Food's store located at 3100 Cahaba Village Plaza Birmingham, AL 35243, including prior complaints referencing the condition of the parking lot within the past ten (10) years.

2. Produce all documents referring to any and all complaints at your Whole Food's store located at 3100 Cahaba Village Plaza Birmingham, AL 35243, including prior complaints referencing the parking lot, the handicap spaces, and/or the crosswalks in the past ten (10) years.

3. Produce all maintenance or construction records for the parking lot.

4. Produce any and all documents received from third parties obtained by subpoena.

5. Produce any video/photos you have of the parking lot, specifically, all crosswalks on the premises, for twenty-four (24) hours preceding and after the incident that made the basis of the Plaintiff's Complaint.

6. Produce your investigative file regarding this incident.  If you employed a third party to perform any investigative work, this request includes all investigative files performed and/or ordered on your behalf.

7. Produce any documents that reference the Plaintiff.

8. Produce any photos or videos of the Plaintiff.

9. Produce any witness statement related to the incident that made the basis of the Plaintiff's complaint.

10. Produce any documents showing any remedial action taken towards the condition of the parking lot on your premises.

11. Produce any documents showing your video policies and procedures regard to recording, deleting, and maintaining videos and records at your premises.

12. Produce any documents identify who worked on or maintained the parking lot in 2019 and 2020.

13. Produce any documents relating to any investigation by you, your employees, or agents into the accident made the basis of Plaintiff's Complaint.

14. Produce any documents that were submitted to or received from any third parties related to your parking lot, your handicap spaces and/or crosswalks.

15. Produce a copy of any insurance agreement that might apply to this litigation.

16. Produce all safety standards and maintenance manuals given to any employees and/or agents tasked with maintaining or making safe the premises for two (2) years preceding the indecent made the basis of the Complaint.

17. Produce any and all documents, protocols, guides and or procedures used by Whole Foods for customer safety from 2016 to through the present.

18. Produce your safety plan, emergency response plan, first aid plan and all other plans required by law, statute and/or regulation.

19. Produce all ADA compliance records that related to your parking lot.

20. Produce any documents provided to your expert or that your expert provided to you, including but not limited to his/her report and any documents relied upon to make said report.

21. Produce all documents that you plan on introducing as exhibits and/or demonstrative evidence at trial.

22. Produce any and all documents that may in any way pertain to this litigation.

23. Produce all documents reflecting the design of the parking lot located on the premises.

24. Produce all documents reflecting the placement of the handicap spaces in the parking lot on the premises.

25. Produce all documents reflecting the placement of the crosswalks in the parking lot on the premises.

26. Produce all documentation of all signs and/or warnings placed in your parking lot to watch out for pedestrians.

27. Produce all documents reflecting the signage and the analysis conducted to install the signs where they are placed in the parking lot on the premises.

28. Produce all documents that reflect a review or study of the signage and flow of traffic in the parking lot on the premises.

Respectfully submitted,

/s/ Jon C. Goldfarb
Jon C. Goldfarb
Patrick Pantazis
Counsel for Plaintiff

**OF COUNSEL:**
Wiggins, Childs, Pantazis, Fisher,
& Goldfarb, LLC.
301 19th Street North
Birmingham, AL 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**PLEASE SERVE WITH THE COMPLAINT**


ELECTRONICALLY FILED
9/30/2020 11:28 AM
01-CV-2020-903385.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT
## OF JEFFERSON COUNTY, ALABAMA

MORTON GOLDFARB,                        )
                                       )
    **Plaintiff,**                      )
                                       )
**v.**                                     )       **Case No.:**
                                       )
WHOLE FOODS MARKET GROUP, INC.,        )
AND FICTITOUS PARTY DEFENDANTS         )
                                       )
    **Defendants.**                     )

## PLAINTIFF'S 30 (b) (6) VIDEO DEPOSITION NOTICE TO
## WHOLE FOODS MARKET GROUP, INC.

PLEASE TAKE NOTICE, that Plaintiff, by and through undersigned counsel of record, will take the video deposition of the **person or persons designated by Defendant, Whole Foods Market Group, Inc.**, for purpose or use as evidence concerning this cause, pursuant to Alabama Rule of Civil Procedure 30(b)(6) at the offices of **to be determined**. Date/Time: To be determined.

### DEFINITIONS

A.    "And" and "or" are to be considered conjunctively and disjunctively. The singular form of a noun or pronoun includes the plural form and vice versa. "Or" is understood to include and encompass "and."

B.    "Any" is understood to include and encompass "all." The word "all" also includes "each" and vice versa.

C.    "Document" or "documents" encompasses all forms of tangible expression, including without limitation, all written, recorded, printed, typed, transcribed, filmed, digitized, or graphic matter and all other tangible things and media upon which any handwriting, typing,

printing, drawing, representation, electrostatic or other copy, sound or video recording, magnetic or electrical impulse, visual reproduction or communication is recorded, reproduced or represented, including, but not limited to, books, records, correspondence, reports, memoranda, electronic mail, contracts, tables, tabulations, graphs, charts, diagrams, plans, schedules, appointment books, calendars, diaries, time sheets, reports, studies, analyses, drafts, telegrams, teletype or telecopy messages, files, telephone logs and messages, checks, microfilms, microfiche, pictures, photographs, printouts, electronic data compilations, tapes, diskettes, drives, removable media, notes, minutes or transcripts of proceedings. Documents shall include originals and all non-identical copies (whether different from the original because of notes made in or attached to such copy, or otherwise), all other data compilations from which information can be obtained (translated, if necessary into usable form), and any preliminary versions, drafts, or other revisions of any of the foregoing.

D.      "You" or "your" or "Whole Foods" shall mean **Whole Foods Market Group Inc.** located at 3100 Cahaba Village Plaza Birmingham, AL 35423, and any of its corporations, businesses, subsidiaries, divisions, subdivisions, affiliated entities, predecessors, successors, parents, and their respective officers, directors, employees, partners, representatives, agents, attorneys, accountants or other persons occupying similar positions or performing similar functions.

E.      As used herein, the term "incident" shall mean the facts and circumstances giving rise to the allegations made the basis of this lawsuit.

F.      "Identity" or "Identify" when referring to a natural person means his or her full name, present or last known home address, present or last known business affiliation and address,

title or occupation, and each of the positions held by such persons during the applicable time period.

G.    "Identity" or "Identify" when referring to a document includes:

    (1)    date the document bears, or if none, under the date it was written;

    (2)    name and address of each person who wrote it or participated in the writing of it;

    (3)    name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed;

    (4)    name and address of each person who received a copy of the document;

    (5)    description of the document, as for instance, a letter or memorandum;

    (6)    its present location or custodian of each copy, or if unknown, its last known location or custodian;

H.    "Identity" or "Identify" when used with reference to an oral communication includes the following:

    (1)    all persons participating in such oral communication;

    (2)    date, manner (e.g., telephone) and place at which persons participated in or heard the oral communication were located;

    (3)    a description of the circumstances surrounding the communications, as, for instance, meeting, speech or conversation;

    (4)    name of each person who was present, other than the participants;

    (5)    substance of the oral communication.

I.      As used herein, the term "parking lot" shall refer to your Whole Food's store parking area including the handicap parking spaces, the cross walks, the islands, the sidewalks etc. located at 3100 Cahaba Village Plaza Birmingham, AL 35423.

Pursuant to Ala. R. Civ. P. 30(b)(6), Defendant is required to designate and fully prepare one or more officers, directors, managing agents or other persons who consent to testify on behalf of Defendant, and who Defendant will fully prepare to testify regarding all information that is known or reasonably available to Defendant's organization regarding the following designated matters:

1.      Testimony and documents of any records and/or communications you have recorded where you have made a statement, or an opinion related to your parking lot from 2016 to the present.

2.      Testimony and documents of any records and/or communications you have recorded where you have been notified of complaints or incidents related to the your parking lot from 2016 to the present.

3.      Testimony and documents of any records and/or communications you have recorded where you have made a statement, or an opinion related to the handicap spaces in your parking lot from 2016 to the present.

4.      Testimony and documents of any records and/or communications you have recorded where you have been notified of complaints or incidents related to the handicap spaces in your parking lot from 2016 to the present.

5.      Testimony and documents of any records and/or communications you have recorded where you have made a statement, or an opinion related to the crosswalks in your parking lot from 2016 to the present.

4

6.      Testimony and documents of any records and/or communications you have recorded where you have been notified of complaints or incidents related to the crosswalks in your parking lot from 2016 to the present.

7.       Testimony and documents of any and all documents that reference purchase, installation, design, work, maintenance, repair, construction that was performed on your parking lot.

8.      Testimony and documents of any and all guidelines, codes, or laws associated with your parking lot.

9.      Testimony and documents of any and all guidelines, codes, or laws associated with your parking lot's handicap spaces.

10.     Testimony and documents of any and all guidelines, codes, or laws associated with your parking lot's crosswalks.

11.     Testimony and documents of produce all documents making reference to problems at your facility, including all prior incidents where injuries have occurred in due to your parking lot.

12.     Testimony and documents of produce all documents making reference to problems at your facility, including prior complaints referencing your parking lot, the handicap spaces, handicap compliance, and your crosswalks within the past ten (10) years.

13.     Testimony and documents of any and all complaints concerning injuries and/or incidents which have occurred at your property associated with your parking lot or handicap accomodations from 2016 through the present.

14.     Testimony and documents of all maintenance, construction, and/or repair records that involve your parking lot.

15.     Testimony and documents of any and all documents, statements, incident reports, voice recordings, reports, correspondences, memoranda, and photographs concerning the allegations in the Complaint.

16.     Testimony and documents of any and all documents, protocols, guides, and or procedures used by Whole Foods for customer safety from 2016 through the present.

17.     Testimony and documents of any and all documents, protocols, guides, and or procedures used by Whole Foods for training employees to prevent customer injuries from 2016 through the present.

18.     Testimony and documents of your investigative file  regarding  this  incident.

19.     Testimony and documents showing when employees or third-party agents who worked on the parking lot.

20.     Testimony and documents related video policies and procedures.

21.     Testimony and documents of any and all videos and/or media, which recorded the Plaintiff's injury or events described in the complaint (either in whole or in part).

22.     Testimony and documents of any statements given to you about this incident.

23.     Testimony and documents of any communications between you and Plaintiff.

24.     Testimony and documents that mention the Plaintiff.

25.     Testimony and documents regarding all licenses and certifications of any kind (whether federal, state and/or local) obtained by you which involve in any way the operation of Whole Food's parking lot.

26.     Testimony and documents of regarding or evidencing any incident/accident policy at Whole Food's from 2016 to the present.

27.     Testimony and documents of regarding or evidencing changes/alterations to any incident/accident policies at Whole Foods from 2016 to the present.

28.     Testimony and documents regarding the plan of operation(s) for Whole Food's, including but not limited to the safety plan, emergency response plan, first aid plan and all other plans required by law, statute and/or regulation.

29.     Testimony and documents regarding all records related to seminars, classes, training sessions, in which you attended related to customer safety from 2016 to the present.

30.     Testimony and documents regarding all documents that may in any way pertain to this litigation, the facts thereof, and your defenses.

31.     Testimony and documents regarding all documents that identify lawsuits, pending or closed, regarding claims of personal injury at Whole Foods.

Respectfully submitted,

 /s/ Jon C. Goldfarb
Jon C. Goldfarb
Patrick Pantazis
Counsel for Plaintiff

**OF COUNSEL:**
Wiggins, Childs, Pantazis, Fisher,
& Goldfarb, LLC.
301 19th Street North
Birmingham, AL 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**PLEASE SERVE WITH THE COMPLAINT**



AlaFile E-Notice

01-CV-2020-903385.00

To:   JON C GOLDFARB
      jcg@wigginschilds.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MORTON GOLDFARB V. WHOLE FOODS MARKET GROUP, INC.
01-CV-2020-903385.00

The following complaint was FILED on 9/30/2020 11:27:55 AM

Notice Date:      9/30/2020 11:27:55 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2020-903385.00

To:  WHOLE FOODS MARKET GROUP, INC.
C/O CT CORPORATION SYSTEM
2 N JACKSON ST STE 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MORTON GOLDFARB V. WHOLE FOODS MARKET GROUP, INC.
01-CV-2020-903385.00

The following complaint was FILED on 9/30/2020 11:27:55 AM

Notice Date:     9/30/2020 11:27:55 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2020-903385.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### MORTON GOLDFARB V. WHOLE FOODS MARKET GROUP, INC.

**NOTICE TO:** WHOLE FOODS MARKET GROUP, INC., C/O CT CORPORATION SYSTEM 2 N JACKSON ST STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JON C GOLDFARB                                                                                                     ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 301 19TH STREET NORTH, BIRMINGHAM, AL 35203                                   .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of MORTON GOLDFARB
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

09/30/2020                    /s/ JACQUELINE ANDERSON  SMITH        By: _____

*(Date)*                         *(Signature of Clerk)*                              *(Name)*

☑ Certified Mail is hereby requested.            /s/ JON C GOLDFARB

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,

*(Name of Person Served)*                        *(Name of County)*

Alabama on _____.

*(Date)*

_____        _____        _____
*(Type of Process Server)*           *(Server's Signature)*                 *(Address of Server)*

_____        _____
                                          *(Server's Printed Name)*              *(Phone Number of Server)*